IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS CHAMBERS<br>6088 Castle Rock, Dr.<br>Benton, AR 72019<br>     and<br>DANIEL WAINWRIGHT<br>1322 Ruggs Bluff, Rd.<br>Downsville, LA 71234<br>     and<br>GARY CHAPA<br>622 Brock Ave.<br>Livingston, TX 77351<br>     and<br>TORI BAILES<br>PO BOX 803<br>Grayson, LA 71435<br>     and<br>RONALD DENISON<br>4750 Old Troup Hwy<br>Tyler, TX 75707<br>     and<br>JASON AYALA<br>298 Maple Ridge Dr.<br>Canonsburg, PA 15317<br>     and<br>CHASE GADNER<br>493 Yankee Rd<br>Judsonia, AR<br>     and<br>KEVIN CECIL, SR.<br>44 Riggs Run Rd.<br>St. Marys, WV 26170<br>     and<br>KEVIN CECIL, JR.<br>7962 Mt. Carmel Ridge Rd.<br>St. Marys, WV 26170<br>     and<br>BRENNON LOFTIN<br>52 Onna Lane<br>Belington, WV 26250<br><br>          Plaintiffs,<br>     v. | CIVIL ACTION<br><br>DOCKET NO.:<br><br><br><br>**JURY TRIAL DEMANDED** |

SD HOLDINGS, LLC :
d/b/a EVOLUTION ENERGY SERVICES :
412 Darby Way, Suite 4 :
Bridgeville, PA 15017 :
    and :
EVOLUTION ENERGY CHEMICAL :
COMPANY
3935 Washington Rd, Suite 1191 :
McMurray, PA 15317 :
    and :
EVOLUTION ENERGY INCORPORATED :
3935 Washington Rd, Suite 1191 :
McMurray, PA 15317 :
    and :
EVOLUTION ENERGY :
SOLUTIONS, LLC :
3935 Washington Rd, Suite 1191 :
McMurray, PA 15317 :
    and :
EVOLUTION ENERGY PIPELINE, LLC :
3935 Washington Rd, Suite 1191 :
McMurray, PA 15317 :
    and :
EVOLUTION ENERGY SERVICES, LLC :
412 Darby Way, Suite 4 :
Bridgeville, PA 15017 :
    and :
EVOLUTION ENERGY :
TRANSPORTATION & SUPPLY, LLC :
3935 Washington Rd, Suite 1191 :
McMurray, PA 15317 :
    and :
EVOLUTION ENERGY :
TRUCKING COMPANY :
3935 Washington Rd, Suite 1191 :
McMurray, PA 15317 :
    and :
MICHAEL SLAVIK :
3935 Washington Rd, Suite 1191 :
McMurray, PA 15317 :
    and :
MONTE PRATT :
3935 Washington Rd, Suite 1191 :
McMurray, PA 15317 :
     :

Defendants. :
:
_____:

## CIVIL ACTION COMPLAINT

Plaintiffs, Chris Chambers, Daniel Wainwright, Gary Chapa, Tori Bailes, Ronald Denison, Jason Ayala, Chase Gardner, Kevin Cecil, Sr., Kevin Cecil, Jr. and Brennon Loftin (*hereinafter* referred to collectively as "Plaintiffs," unless indicated otherwise), by and through their undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiffs against the above-named entities and individuals (*hereinafter* referred to collectively as "Defendants" unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq.*), the Pennsylvania Minimum Wage Act (35 P.S. §§ 333.101 et seq.) and the Pennsylvania Wage Payment Collection Law ("WPCL"). As a direct consequence of Defendants' unlawful actions (including failure to properly pay wages and overtime), Plaintiffs seek damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights under the FLSA. This Court may also assert supplemental jurisdiction over Plaintiffs' state law claims as they arise out of the same nucleus of operative facts as their federal law claims.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the

standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because the Defendant Entities all reside in this district and a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiffs are adult individuals, with addresses as set forth in the above caption.

7. SD Holdings, LLC ("Defendant SD Holdings") is a privately-owned company registered at the address set forth in the above caption, which upon information and belief does business as "Evolution Energy Services."

8. Upon information and belief, each of the remaining Defendant Entities are subsidiaries and/or affiliates of Defendant SD Holdings, which also do business under the name "Evolution Energy Services."

9. The Defendant Entities are engaged in the performance of a number of services, including those related to oil field operations, such as the construction of pipelines.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single entity and/or joint employer for purposes of the instant action.

11. By way of example, Plaintiffs received paychecks from "Evolution Energy Pipeline," despite that payroll is submitted to Defendants on documentation containing a logo for "Evolution Energy Services."

12. Further, upon information and belief, Defendants, including but not limited to Defendant SD Holdings, Evolution Energy Services, and "Evolution Energy Pipeline," share common ownership and/or management, such as Defendant Michael Slavik ("Defendant Slavik").

13. Defendant Monte Pratt ("Defendant Pratt") is upon information and belief employed by Defendants as a Project Manager.

14. Defendants Slavik and Pratt are personally liable because they are upon information and belief owners and/or high level members of management of Defendant Entities and were responsible for the terms and conditions of employment for Plaintiffs, including but not limited to their compensation. Defendants Slavik and Pratt were also responsible for perpetuating unlawful payroll practices and ratifying same.

15. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. In or about early October 2016, Defendants began operations on a job related to construction of a pipeline for one of Defendants' clients, "Eureka Midstream," located in Monroe County, Ohio (*hereinafter* "Eureka Midstream Job").

18. In order to complete performance of their obligations related to the Eureka Midstream Job, Defendants entered into agreements with Plaintiffs to perform specific duties related to this Job in exchange for compensation, culminating in employment contracts.

19. Plaintiffs were each provided with a job title by Defendants in their duties related to the Eureka Midstream Job as follows:

   a. Daniel Wainwright was hired by Defendants to perform duties as a Superintendent;

   b. Chris Chambers was hired by Defendants to perform duties as a General Foreman;

   c. Gary Chapa was hired by Defendants to perform duties as an Environmental Foreman

   d. Jason Ayala was hired by Defendants to perform duties as a Warehouse Man/Parts Runner and Project Safety Coordinator;

   e. Tori Bailes was hired by Defendants to perform duties under the title of "Office Manager";

   f. Ronald Denison was hired by Defendants to perform duties as a Laborer;

   g. Chase Gardner was hired by Defendants to perform duties as a Laborer;

   h. Kevin Cecil, Sr. was hired by Defendants to perform duties as a Heavy Equipment Operator;

   i. Kevin Cecil, Jr. was hired by Defendants to perform duties as a Heavy Equipment Operator; and

   j. Brennon Loftin was hired by Defendants to perform duties as a Heavy Equipment Operator.

20. In these positions, Plaintiffs each had an agreement with Defendants to work at a specific salary and/or hourly pay rate.

21. While Plaintiff Wainwright, Plaintiff Chambers, Plaintiff Chapa, Plaintiff Ayala and Plaintiff Bailes had an agreement to work with Defendants at an agreed to salaried rate (excluding "truck pay" as explained further *infra*), the remaining Plaintiffs each came to an agreement with Defendants to be paid at a specified hourly rate for their duties.

22. In addition to the salaried and/or hourly pay rate that Defendants agreed to pay Plaintiffs for work they performed within their positions, Defendants further agreed to pay each Plaintiff a specified per diem rate, as well as an additional hourly rate to each Plaintiff who used their personal automobile for work purposes ("Truck Pay").

23. Each week that Plaintiffs performed work for Defendants, a timesheet was submitted to Defendants evidencing the hours in which each Plaintiff worked, the rate at which each Plaintiff was to be paid, whether an employee was entitled to Truck Pay, and the amount of total compensation that was due to each Plaintiff.

24. During the relevant time period, Plaintiffs consistently worked six (6) days a week for Defendants, working in excess of 40 hours per week.

25. Defendants initially paid Plaintiffs pursuant to the terms of their employment agreements for a number of weeks between their hiring in or about October 2016 and mid-November 2016.

26. However, despite that Defendants had agreed to pay Plaintiffs at a specified rate for time spent working for Defendants, and that Plaintiffs provided Defendants with timesheets evidencing the same throughout Plaintiffs' employment, Defendants failed to pay Plaintiffs at

their agreed rate for several weeks of work between in or about mid-November and Mid-December 2016.

27. In fact, during this time period, Defendants failed to pay Plaintiffs any wages at all.

28. As a result of Defendants failure to pay Plaintiffs for several weeks between mid-November 2016 and mid-December 2016, including overtime hours at a rate of time and a half to overtime eligible employees (as explained under Count 1 *infra*), Defendants have violated several federal and state wage statutes, including the FLSA, the PMWA and the WPCL.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Minimum Wages and Overtime Compensation)**
**- Against All Defendants –**

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. At all times relevant hereto, Defendants were employers within the meaning of the FLSA. *See* 29 U.S.C. § 203.

31. At all times relevant hereto, Plaintiffs were employed with Defendants as employees within the meaning of the FLSA. *See* 29 U.S.C. § 203.

32. From in or about mid-November through mid-December 2016, Plaintiffs performed work for Defendants over the course of several weeks pursuant to an earlier agreement to perform job duties at a specified wage.

33. Despite their earlier agreements with Defendants, however, Plaintiffs were not provided any compensation for work that was performed during this time period.

34. As a result of Defendants' failure to pay Plaintiffs any wages during this time period, Defendants failed to pay Plaintiffs minimum wages required pursuant to the FLSA.

35. Plaintiffs therefore seek all remedies permitted under the FLSA for unpaid minimum wages, as well as penalties and interest.

36. Additionally, at all times during their employment with Defendants, Plaintiffs Cecil Sr., Cecil, Jr., Denison, Gardner and Loftin were "non-exempt" employees within the meaning of the FLSA, and were classified as the same by Defendants.

37. Pursuant to the FLSA, an employer must pay a nonexempt employee overtime compensation for each hour worked beyond forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1).

38. In failing to pay Plaintiffs any wages for the work performed between in or about mid-November and mid-December 2016, Defendants failed to pay Plaintiffs Cecil Sr., Cecil, Jr., Denison, Gardner and Loftin at a rate of time and a half for each hour they worked over 40.

39. Such actions constitute violations of the FLSA.

40. Defendant Individuals are personally liable because they were the owners and/or high-level managers of Defendants who were responsible for the terms and conditions of Plaintiffs' employment, including but not limited to their compensation. Defendant Individuals were also responsible for perpetuating unlawful payroll practices and ratifying same as it pertained to Plaintiffs' compensation.

41. Defendants willfully violated the FLSA by failing to pay Plaintiffs minimum wages, as well as Plaintiffs Cecil Sr., Cecil, Jr., Denison, Gardner and Loftin at a rate of 1.5 times their regular rate for hours in excess of forty (40) hours per week.

## Count II
### Violation of the Pennsylvania Minimum Wage Act ("PMWA")
(Failure to Pay Overtime Compensation & Minimum Wage)
- Against All Defendants -

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Defendants' failure to pay wages and overtime in the aforesaid manner also constitutes violations of the PMWA.

## Count III
### Violations of the Pennsylvania Wage Payment and Collection Law(s)
(Unpaid Wages)
- Against All Defendants -

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiffs each had an agreement with Defendants whereby Defendants agreed to compensate Plaintiffs for services performed during their employment.

46. Plaintiffs performed the agreed-upon services for Defendants, and Plaintiffs were not paid all wages they were promised, owed, or required to be paid by law(s) as explained *supra*.

47. Defendants' failure to pay Plaintiffs the wages owed to them constitute violations of the WPCL.

48. Defendant Individuals are personally liable because they were the owners and/or high-level managers of Defendants who were responsible for the terms and conditions of Plaintiffs' employment, including but not limited to their compensation. Defendant Individuals were also responsible for perpetuating unlawful payroll practices and ratifying same as it pertained to Plaintiffs' compensation.

WHEREFORE, Plaintiffs pray that this Court enter an Order providing that:

A.  Defendants are to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' illegal actions, including but not limited to back pay, wages, benefits, and other damages permitted by law;

B.  Plaintiffs are to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to fully compensate Plaintiffs and/or as appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct;

C.  Plaintiffs are to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

D.  Plaintiffs are to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E.  Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
Timothy S. Seiler, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 13, 2016