# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS CHAMBERS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 17-70 |
| v. ) | |
| ) | Hon. Nora Barry Fischer |
| SD HOLDINGS, LLC, et al., ) | |
| ) | |
| Defendants, ) | |
| v. ) | |
| ) | |
| MONTE PRATT, ) | |
| ) | |
| Cross Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| EVOLUTION ENERGY CHEMICAL ) | |
| COMPANY, et al., ) | |
| ) | |
| Cross Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| MONTE PRATT, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NSD HOLDINGS, LLC, et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM ORDER

Presently before the Court is Third-Party Defendants NSD Holdings, LLC, James DelGreco, Joshua Kinney, Robert Nix, and William Patterson's Partial Motion to Dismiss the Second Amended Third-Party Complaint, (Docket Nos. 100, 101), and Third-Party Plaintiff Monte Pratt's response in opposition, (Docket No. 108). Also pending before the Court is Defendants

Evolution Energy Chemical Company, Evolution Energy Incorporated, Evolution Energy Pipeline, LLC, Evolution Energy Services, LLC, Evolution Energy Solutions, LLC, Evolution Energy Transportation & Supply, LLC, Evolution Energy Trucking Company, SD Holdings, LLC, and Michael Slavik's Partial Motion to Dismiss the First Amended Crossclaim, (Docket Nos. 102, 103), and Pratt's response in opposition, (Docket No. 107). After careful consideration of the parties' submissions, Third-Party Defendants' Partial Motion to Dismiss the Second Amended Third-Party Complaint, (Docket No. 100), and Defendants' Partial Motion to Dismiss the First Amended Crossclaim, (Docket No. 102), are DENIED.

In support of their respective motions, Third-Party Defendants and Defendants both assert that Pratt's breach of contract claims must be dismissed because members of a limited liability company or shareholders of corporations are not personally liable to perform corporate obligations. (Docket No. 101 at 6; Docket No. 103 at 5). "'The law in Pennsylvania is clear that where a party enters into a contract with a corporation, no action will lie against the shareholders of that corporation individually for a breach of that contract.'" *Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.*, 700 F. Supp. 2d 720, 736 (W.D. Pa. 2010) (quoting *First Realvest, Inc. v. Avery Builders, Inc.*, 600 A.2d 601, 603 (Pa. Super. Ct. 1991)). Nonetheless, shareholders, officers and directors of a corporation or a limited liability company may be held liable under a theory of "piercing the corporation veil." *Id.*

Given the piercing of the corporate veil theory outlined in Pratt's breach of contract claims in this Third-Party Complaint and First Amended Crossclaim, Third-Party Defendants and Defendants respective motions to dismiss Pratt's breach of contract claims will be denied, without prejudice to Third-Party Defendants and Defendants renewing said arguments at the motion for summary judgment stage of this matter. *See, e.g.*, *Brocious Trucking, Inc. v. BFL, Inc.*, No. 09-

CV-741, 2010 U.S. Dist. LEXIS 11970, at *11-12 (W.D. Pa. Feb. 11, 2010) (denying motion to dismiss because the plaintiff had stated sufficient veil-piercing allegations) (citing *Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, 05-CV-555, 2008 U.S. Dist. LEXIS 76366, at *3 (W.D. Pa. Sept. 30, 2008) ("[T]he veil-piercing test is based on a fact-intensive, multi-factor test which of necessity leads to . . . broad discovery."); *Grunblatt v. UnumProvident Corp.*, 270 F. Supp.2d 347, 352 (E.D.N.Y. 2003) (stating that veil-piercing "is typically a fact specific inquiry not amenable to resolution [on] a motion to dismiss") (internal quotations omitted)); *see also CMC GH Sisak D.O.O. v. PTC Group Holdings Corp.*, No. 15-CV-1357, 2016 U.S. Dist. LEXIS 66657, at *25 (W.D. Pa. May 19, 2016) (recommending that the defendant's motion to dismiss be denied because "at this juncture, given the well-pleaded factual allegations as summarized supra, and relevant case law, dismissal of the piercing of the corporate veil is premature, as they plausibly give rise to an entitlement for relief"); *Winner v. Etkin & Co.*, No. 07-CV-903, 2007 U.S. Dist. LEXIS 66009, at *6 (W.D. Pa. Sept. 6, 2007) (denying motion to dismiss because "[t]he veil-piercing doctrine requires a multi-factor, factually-intensive inquiry and is not to be presumed lightly"). Accordingly, Third-Party Defendants and Defendants' respective motions to dismiss Pratt's breach of contract claims will be denied, without prejudice to the parties renewing their arguments at the motion for summary judgment stage of this matter.

Third-Party Defendants and Defendants next argue that Pratt's fraud claims must be dismissed because he did not plead his allegations with specificity. (Docket No. 101 at 7-9; Docket No. 103 at 6-8). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). The purpose of Rule 9(b) is "to place the defendants on notice of the precise misconduct with which they are charged, and to

3

safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984); *see also In re Burlington Coat Factory*, 114 F.3d 1410, 1418 (3d Cir. 1997) ("Rule 9(b)'s heightened pleading standard gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements."). To comply with Rule 9(b), the allegations in a complaint must provide the "'who, what, when, where, and how: the first paragraph of a newspaper story would satisfy the particularity requirements.'" *Sun Co. v. Badger Design & Constructors*, 939 F. Supp. 365, 369 (E.D. Pa. 1996) (quoting *In re Chambers Dev. Sec. Litig.*, 848 F. Supp. 602, 616 (W.D. Pa. 1994)). For example, a plaintiff may satisfy Rule 9(b)'s particularity requirement "by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004) (quoting *Seville Indus. Mach. Corp.*, 742 F.2d at 791).

Third-Party Defendants argue that James DelGrecco, Joshua Kinney, Robert Nix, and William Patterson must be dismissed because Pratt has not alleged that they employed him. (Docket No. 101 at 8). In his Second Amended Third-Party Complaint, Pratt alleges that DelGrecco, Kinney, Nix, and Patterson "is, was, and/or has been represented to be an owner of one or more of the Evolution Energy Entities." (Docket No. 88 at ¶¶ 5-8). He further avers that "[t]he Evolution Energy Entities hired [him] to work as a Project Manager on the Eureka Midstream Job in Monroe County, Ohio." (*Id.* at ¶ 11). Thus, the Court rejects Third-Party Defendants' argument that Pratt has not alleged that DelGrecco, Kinney, Nix, and Patterson employed him. Moreover, as previously discussed, the owners of a corporate entity may be individually liable under the doctrine of piercing the corporate veil. Accordingly, for the same

4

reasons outlined above, the Court declines to dismiss DelGrecco, Kinney, Nix, and Patterson, without prejudice to Third-Party Defendants renewing their arguments at the motion for summary judgment stage of this matter.

The Court likewise finds that Pratt has sufficiently stated his claim for fraud against Third-Party Defendants. Specifically, Pratt alleges that he had a telephone conversation with Michael Slavik in late November 2016 to discuss payment for his future work. (*Id.* at ¶ 50). Pratt contends that after Slavik assured him that he would be paid for his future work, he continued to work for the Evolution Energy Entities through December 30, 2016. (*Id.*). Pratt avers that the Evolution Energy Entities, through Slavik, made this statement with knowledge of its falsity and the intention to not pay him. (*Id.* at ¶ 51). Such allegations provide the "who, what, when, where, and how" required under Rule 9(b). *Sun Co.*, 939 F. Supp. at 369. Pratt's factual allegations, which are incorporated into his fraud claim, provide further support, as Pratt has alleged that the Evolution Energy Entities were undercapitalized; that they had difficulty meeting payroll obligations to employees; that they represented themselves as one collective, commonly controlled organization but paid Pratt through their separate entities; that they kept few financial records; and that they intermingled corporate and personal funds. (*Id.* at ¶¶ 14-23, 47). To this end, the Court also finds meritless Third-Party Defendants' argument that Pratt did not include allegations regarding NSD Holding LLC's relationship with Slavik, (Docket No. 101 at 9), as Pratt has alleged that NSD Holding LLC is one of the Evolution Energy Entities; that Pratt was hired by the Evolution Energy Entities; and that Salvik was an owner of the Evolution Energy Entities, (Docket No. 88 at ¶¶ 10, 11, 22).

The Court's same analysis applies to Defendants' arguments as to Pratt's First Amended Crossclaim. First, Pratt has pled sufficient facts to establish a plausible basis for piercing the

corporate veil and imposing individual liability upon Slavik, as he has alleged that Slaik and other individuals had principal control and ownership over the activities of the Evolution Energy Entities. (Docket No. 83 at ¶¶ 16, 18-20, 35). Specifically, Pratt has also included allegations similar to those included in his Second Amended Third-Party Complaint regarding the operations of the Evolution Energy Entities. (*Id.* at ¶¶ 8-9, 15-20). Thus, for the same reasons outlined above, the Court declines to dismiss Slavik, without prejudice to Defendants renewing their arguments at the motion for summary judgment stage of this matter. Second, Pratt's factual allegations and the allegations included in his fraud claim, all of which are similar to those contained in his Second Amended Third-Party Complaint, sufficiently state a claim for fraud. (*See id.* at 8-17, 46-47). Third, the Court also finds meritless Defendants' argument that Pratt did not include allegations as to against whom he is asserting his crossclaims, (Docket No. 103 at 8), as Pratt has alleged that he was hired by one or more of the Evolution Energy Entities; that he did not know which one or more of the Evolution Energy Entities was actually his employer because he received checks from different Evolution Energy Entities; that Slavik was an owner of the Evolution Energy Entities; and that the Evolution Entities was managed as a collective, commonly controlled, and interchangeable organization by Slavik, (Docket No. 83 at ¶¶ 5, 14, 18-21).

Finally, Third-Party Defendants and Defendants contend that Pratt's claims of a right to pierce the corporate veil under Ohio law must be dismissed. (Docket No. 101 at 10-13; Docket No. 103 at 8-12). The parties agree that Ohio law applies and argue whether Pratt has pled sufficient facts to pierce the corporate veil under the *Belvedere-Dombroski* test. (Docket No. 101 at 10-13; Docket No. 103 at 8-12; Docket No. 107 at 10-13; Docket No. 108 at 10-13); *see also Dombroski v. WellPoint, Inc.*, 895 N.E.2d 538 (Ohio 2008); *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos.*, 617 N.E.2d 1075 (Ohio 1993). Similar to Pennsylvania law, it

is well settled under Ohio law that "because control over a corporation is a fact-sensitive inquiry, a veil-piercing claim should not be dismissed without the opportunity to conduct discovery." *Allied Diversified Constr., Inc. v. Elite Mech., Inc.*, No. 16-CV-334, 2016 U.S. Dist. LEXIS 166611, at *12 (S.D. Ohio Dec. 2, 2016) (denying motion to dismiss because "failure to plead sufficient facts to support the first prong of the *Belvedere-Dombroski* test does not itself warrant dismissal"); *see also Cap City Dental Lab, LLC v. Ladd*, No. 15-CV-2407, 2016 U.S. Dist. LEXIS 118570, at *33 (S.D. Ohio Sept. 1, 2016) ("[D]ue to the importance of discovery in establishing the element of control, this Court has previously denied motions to dismiss veil-piercing claims for failure to plead sufficient facts regarding the requisite level of control necessary to hold [a shareholder] personally liable.") (internal quotations omitted); *Orrand v. Kin Contrs., LLC*, No. 09-CV-1129, 2011 U.S. Dist. LEXIS 34303, at *10-11 (S.D. Ohio Mar. 29, 2011) ("'[T]he question of whether [a director] exercised a degree of control over [a corporation] justifying [a] Court's holding it accountable . . . is a fact-sensitive question which . . . should not be answered until the Plaintiffs have had some opportunity to conduct discovery on this matter.'") (internal alterations in original) (quoting *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780, 787 (S.D. Ohio 2003)).

Third-Party Defendants and Defendants also claim that Pratt has failed to plead that NSD Holdings, LLC and the Evolution Energy Entities are directly liable as employers. (Docket No. 101 at 12-13; Docket No. 103 at 9-12). To this end, the Court finds that Pratt has sufficiently pled that NSD Holdings, LLC and the Evolution Energy Entities may be directly liable as employers for the same reasons outlined above. Accordingly, Third-Party Defendants and Defendants' respective motions to dismiss Pratt's claims of a right to pierce the corporate veil under Ohio law will be denied, without prejudice to the parties renewing their arguments at summary judgment.

7

For these reasons,

IT IS HEREBY ORDERED that Third-Party Defendants NSD Holdings, LLC, James DelGreco, Joshua Kinney, Robert Nix, and William Patterson's Partial Motion to Dismiss the Second Amended Third-Party Complaint, (Docket No. [100]), is DENIED.

IT IS FURTHER ORDERED that Defendants Evolution Energy Chemical Company, Evolution Energy Incorporated, Evolution Energy Pipeline, LLC, Evolution Energy Services, LLC, Evolution Energy Solutions, LLC, Evolution Energy Transportation & Supply, LLC, Evolution Energy Trucking Company, SD Holdings, LLC, and Michael Slavik's Partial Motion to Dismiss the First Amended Crossclaim, (Docket No. [102]), is DENIED.

Finally, IT IS ORDERED that Third-Party Defendants NSD Holdings, LLC, James DelGreco, Joshua Kinney, Robert Nix, and William Patterson shall file their Answer to the Second Amended Third-Party Complaint by **December 19, 2017**, and that Defendants Evolution Energy Chemical Company, Evolution Energy Incorporated, Evolution Energy Pipeline, LLC, Evolution Energy Services, LLC, Evolution Energy Solutions, LLC, Evolution Energy Transportation & Supply, LLC, Evolution Energy Trucking Company, SD Holdings, LLC, and Michael Slavik shall file their Answer to the First Amended Crossclaim by **December 19, 2017**.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:	December 5, 2017

cc/ecf:	All counsel of record